The State of Ohio, Appellee, *v.* Tymcio, Appellant.

[Cite as State v. Tymcio (1975), 42 Ohio St. 2d 39.]

(No. 74-456—Decided April 2, 1975.)

"\* \* \*

*Mr. Ronald J. Kane,* prosecuting attorney, and *Mr. Frank J. Cimino,* for appellee.

*Mr. William G. Simon,* for appellant.

PAUL W. BROWN, J.  The trial court's initial factual determination of nonindigency was fairly made. At that time, the defendant was regularly employed, had been freed on bond, and was scheduled to appear for trial. He knew that by reason of the court's determination of his nonindigency, he was obliged to seek counsel at his own expense. With the resources at his disposal, the defendant appeared able to make some reasonable arrangement for adequate representation.

When the defendant appeared in court 31 days later, he reported that he had been unable to obtain counsel, that

he was unrepresented, and that he desired the assistance of court-appointed counsel.

With no great skill, he volunteered the reasons for his failure, sought a reevaluation of his eligibility, and protested when compelled to proceed to trial unassisted.

His conviction, this appeal and the record pose the following serious constitutional and procedural questions: Is the appellee correct in asserting that the sole issue involved in this case is whether the trial court abused its discretion in finding the defendant to be nonindigent? Was the trial judge's assertion correct when, in response to the defendant's renewed request, he said, "the court can't check into this because Judge Jones has already determined that you are able to hire counsel," thus holding that further inquiry into the defendant's inability to obtain counsel was precluded by the earlier determination of "indigency?" If not, what was the trial court's duty when confronted with the representations here made, and by the accused's renewed request for assistance of counsel?

We conclude that the appellee errs in asserting that the question before us concerns judicial discretion. The constitutionally protected right to the assistance of counsel is absolute. "* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial." *Argersinger* v. *Hamlin* (1972), 407 U. S. 25, 37; *Gideon* v. *Wainwright* (1963), 372 U. S. 335.

The obligation to provide counsel is often said to run to the "indigent." Generally speaking, such a statement is true, because undisputed indigence, and the inability *for that reason alone* to obtain counsel, is the major reason requiring the assistance of court-appointed counsel. In fact, the temptation is to say that where nonindigency can be factually found, the appointment of counsel by the court not only is not required, but may not be permitted.

Such a rigid requirement would be arguable if indigency were judicially definable as an abstract term without regard to the circumstances of the particular case, and

if indigency, as so defined, were the only actual fact bearing on the inability to obtain counsel in this and other cases.* But it is not.

Clearly, a bare finding of nonindigency does not explain why an accused, such as the defendant in this case, who represents that he has been unable while under bond to obtain adequate counsel with his available resources because of demands for substantial cash retainers, must stand alone.

Many factors may impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case. Here, one can discern from the record that the defendant was a troublesome man. He was contentious, violent in nature, estranged from his wife and family, frustrated by his inability to cope with his problems, and confronted with a serious charge against which there were perhaps few meritorious legal contentions or favorable facts. It can easily be seen why such a man, marginally indigent, might have difficulty in employing counsel.

That such circumstances exist was recognized by Attorney General Robert F. Kennedy, when, in his letter of transmittal of the Federal Criminal Justice Act of 1964 (H. R. Rep. 864, 88 Congress, 1st Sess. [1963]) to President John F. Kennedy, he stated: "* * * the term indigency (in 18 U. S. C. §3006A(a)) is avoided because of its implication that only an accused who is destitute may need appointed counsel or services." To avoid this implication, that Act applies to those "financially unable to obtain an adequate defense."

The same is true of Ohio Crim. R. 44(A) and R. C. 2941.50(A), neither of which employs the term "indigency." Rather, both make reference to one who "is unable to employ counsel."

---

*The Advisory Committee Notes to the 1966 amendment of the Federal Justice Act of 1964 contain the following:

"The right to assignment of counsel is not limited to those financially unable to obtain counsel. If a defendant is able to compensate counsel but still cannot obtain counsel, he is entitled to the assignment of counsel even though not to free counsel."

To make the right to the assistance of court-appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intelligent waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial. *Argersinger, supra*; *Gideon, supra*.

We hold that a preliminary determination of indigency can not be permitted to foreclose a redetermination of eligibility for assigned counsel, when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available. It is then the duty of the trial court to inquire fully into the circumstances impinging upon the defendant's claimed inability to obtain counsel, and his consequent need either for assistance in employing counsel, or for the assistance of assigned counsel. When an accused is financially able, in whole or in part, to obtain the assistance of counsel, but is unable to do so for whatever reason, appointed counsel must be provided. In such case, appropriate arrangements may subsequently be made to recompense appointed counsel for legal services rendered.

The trial court's failure to ensure that defendant was adequately represented by counsel violated the mandate of *Argersinger, supra*, and invalidates the judgment below. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.