## State v. Fath
*[Cite as 5 AOA 212]*

*Case No. 2492*
*Wayne County, (9th)*
*Decided August 1, 1990*

John M. Williams, Asst. Prosecutor, 132 S. Market St., Wooster, OH 44691, for Plaintiff.

Ronald L. Rehm, Attorney at Law, 517 N. Market St., Wooster, OH 44691, for Defendant.

REECE, P.J.

This cause was first before this court upon appeal of a determination by the trial court that David A. Fath was ineligible for court-appointed counsel and whether he made a valid waiver of his Sixth Amendment right to counsel. The matter was remanded to the trial court for further proceedings. *State v. Fath* (Dec. 20, 1989), Wayne App. No. 2492, unreported.

Fath now appeals the judgment of the trial court entered upon remand, which found that he had sufficient assets to employ counsel. The trial court further found, assuming *arguendo* that Fath was unable to employ counsel, that under the totality of the circumstances, he knowingly, voluntarily and intelligently waived his Sixth Amendment right to counsel.

Fath was indicted on September 12, 1988, in Case No. 88-CR-151, as follows:

| Count | Revised Code Section | Offense |
|---|---|---|
| 1 | R.C. 2923.01(A)(1) and (2) and R.C. 2909.02(A) (1) | Conspiracy to commit aggravated arson |
| 2 | R.C. 2923.02 and R.C. 2909.03(A)(1) | Complicity to commit arson |
| 3, 4, 5, 6, and 7 | R.C. 2923.02 and R.C. 2909.03(A)(1) | Aiding and abetting to commit arson |

On October 11, 1988, Fath was indicted in Case No. 88-CR-184 as follows:

| Count | Revised Code Section | Offense |
|---|---|---|
| 1 | R.C. 2909.03(A)(4) | Arson |

These cases were consolidated at trial.

Fath represented himself at a jury trial where he was found guilty on all counts.

*Assignment of Error*

"I. The Court of Appeals erred when it ordered this matter returned to the Trial Court for an additional hearing as upon remand, by its order of December 20, 1989."

While the appellant urges this court to find that it erred in remanding this matter to the trial court by our order of December 20, 1989, and to reverse itself now in this appeal, we decline to do so. This assignment is overruled.

*Assignments of Error*

"II. The trial court erred by not holding a recorded proceeding in open court to determine whether Defendant was able or unable to obtain counsel.

"III. The trial court erred by convicting Defendant and sentencing him to a term of imprisonment when Defendant was unrepresented by counsel at trial and when Defendant did not knowingly and intelligently waive his right to counsel.

"IV. The trial court erred by entering a judgment of conviction after a jury trial which was not fair and was continuously and repeatedly in violation of Defendant's Due Process rights."

After the trial court's decision upon remand, Fath filed an amended notice of appeal which

included the following additional assignments of error:

### Assignments of Error

"2. The trial court erred when it held that defendant-appellant was not entitled to court-appointed counsel.

"3. The trial court erred when it held that defendant-appellant properly waived his right to counsel."

Because all of these assignments of error relate to the issue of appointment of counsel and the waiver of the right to counsel, they will be discussed together.

Fath was represented by counsel at the preliminary hearing. Fath apparently secured new counsel but appeared at his arraignment on October 19, 1988, without counsel. On October 27, 1988, counsel moved the court for an order to withdraw. On November 4, 1988, counsel was allowed to withdraw.

The trial court set a hearing for November 18, 1988, where Fath was to appear and name new counsel. Path appeared but had not retained counsel. The record indicates that Path had been to the public defender's office, which apparently determined he was not eligible for representation based on his income. On January 3, 1989, Fath wrote a letter to the judge stating that he could not get an attorney to take the case because they wanted $2500 and Fath could not get a co-signer for a loan. Trial was set for February 21, 1989.

Fath appeared without counsel on the day of trial. In chambers, Sergeant Riggs, of the Rittman Police Department, presented Fath with a written waiver of counsel. The trial court told Fath that based on his income, the public defender's office and the court had determined that he was ineligible for court-appointed counsel. The court proceeded to review the charges against Fath and the possible penalties. Thereafter Fath signed the written waiver of counsel.

Upon remand, the trial court held a hearing on January 2, 1990. Fath testified that he had contacted several attorneys who quoted him retainers in the amount of $2,000 to $2,500. The only attorney who would have taken his case for a retainer of $500 with the balance in installments was permitted to withdraw by the trial court due to a conflict of interest.

Fath testified that he was employed by two different businesses and worked forty to sixty hours a week at the rate of $3.50 per hour. However, this dual employment stopped shortly after the November 18, 1989 hearing. Fath testified that he had no interest in any real estate and had no savings or bank accounts. He owned a motor vehicle valued at $500.

The trial court found that Fath had sufficient assets to employ counsel as reflected by his income both at the time of the November 18, 1989 hearing and at the time of trial. The trial court also noted that the public defender's office stated that Fath was not eligible for representation based upon his income.[1]

Crim. R. 44(A) provides:

*"Counsel in serious offenses.* Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."

The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees a defendant a constitutional right to be represented by counsel absent a voluntary, knowing, and intelligent waiver. *Gideon v. Wainwright* (1963), 372 U.S. 335. Additionally, a defendant has a constitutional right to self-representation and he may defend himself when he voluntarily, intelligently and knowingly elects to do so. *Parretta v. California* (1975), 422 U.S. 806; *State v. Gibson* (1976), 45 Ohio St. 2a 366, paragraph one of the syllabus.

Crim. R. 44(D) provides:

*"Assignment procedure.* The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."

The right to the assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. "*** The entitlement depends not upon whether the accused ought to be able to employ counsel, but whether he is in fact 'unable to employ counsel'." *State v. Tymcio* (1975), 42 Ohio St. 2d 39, paragraph one of the syllabus. It is the duty of the trial court to inquire fully into the circumstances bearing upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel or for the assistance of court appointed counsel. *Id.* at paragraph three of the syllabus.

The trial court held that Fath "ought to be able to employ counsel" because he had sufficient assets. However, the record indicates that after repeated attempts he was unable to employ counsel. It is the duty of the trial court to either appoint counsel or assist a defendant in employ-

ing counsel if he needs assistance. The fact that the public defender's office declined to represent Fath, either because of his income or because of a conflict of interest, is not dispositive. The trial court must fully inquire as to the circumstances, financial or otherwise, surrounding the alleged inability to obtain counsel. Under the facts of this case, Fath was unable to obtain counsel.

Fath contends that his waiver was not knowingly, voluntarily and intelligently made. On the day of trial, the trial court met with Fath and Sgt. Riggs in chambers. The trial court stated: "You understand, based upon your income, the public defender's office and the Court determined that you are not eligible for a court appointed attorney?" After this statement the court asked Fath to read the waiver. Fath signed the waiver.

At the hearing upon remand, Fath testified that he "understood it was a waiver of counsel" which meant that he was not eligible for a lawyer." He also stated that because the public defender could not handle the case he would have to hire a private lawyer. He also testified that he "wanted to get it all under way, so I signed the paper."

The trial court told Fath he was not entitled to appointed counsel prior to Fath signing the waiver. The trial court, at the time of the waiver, did not discharge its duty to fully inquire as to Fath's ability to obtain counsel. This court, after the remand and hearing, determines that the record supports the conclusion that Fath was unable to obtain counsel.

There is a strong presumption against the waiver of the constitutional right to counsel. *State v. Gibson, supra,* at 377, citing *Von Moltke v. Gillies* (1948), 332 U.S. 708. The trial judge must investigate the circumstances of the case. *State v. Gibson, supra,* at 377. To be valid such waiver must be made considering all the facts essential in determining Fath's desire to waive the, right to counsel.

Under the facts of this case, Fath's waiver was not made knowingly, voluntarily, and intelligently. At the time of signing the waiver, Fath was not correctly informed as to his right to counsel and could not intelligently waive his right to counsel. Fath's assignments of error are well taken.

Based upon the foregoing, Fath's remaining convictions are vacated. The judgment of acquittal on count six (6) of the September 12, 1988 indictment stands. *State v. Fath* (Dec. 20, 1989), Wayne App. No. 2492, unreported. This cause is

remanded to the trial court for a new trial and further proceedings consistent with this opinion and the law.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution.

*Judgment affirmed and
cause remanded.*

REECE, P.J., for the court.

QUILLIN, J., and BAIRD, J., concur.

----

[1]. At the January 2, 1990 hearing Fath stated that the public defender would not represent him because of a conflict of interest. The public defender was representing Fath's brother.