OPINION
Defendant-appellant Timothy Kincaid appeals his conviction and sentence from the Licking County Municipal Court on one count of operating a motor vehicle under the influence of alcohol in violation of Revised Code 4511.19, a misdemeanor of the first degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 15, 1999, appellant Timothy Kincaid was charged with one count of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19, a misdemeanor of the first degree. At his arraignment on March 17, 1999, appellant entered a plea of not guilty to such charge. The same day, appellant filed an Affidavit of Indigency and a request for court appointed counsel. In his Affidavit of Indigency, which was filed on March 12, 1999, appellant indicated that his total income was $1,325.00 per month. Of the $1,325.00, $400.00 was appellant's social security and $925.00 was social security received by appellant's household members. The only other person listed on appellant's affidavit as living in his household was appellant's girlfriend, Mildred Hall. Appellant, in his Affidavit of Indigency, also listed total monthly liabilities of $323.00 (included $200.00 for food and $123 on a loan). Pursuant to a Journal Entry filed on March 22, 1999, the trial court, without holding a hearing or inquiring on the record as to appellant's financial status, denied appellant's request for court appointed counsel. The trial court, in its entry, indicated that it was denying appellant's request since appellant's income was "over household income limit." A second Affidavit of Indigency was filed by appellant on April 5, 1999. In his second affidavit, appellant listed a total monthly income of $403.00 and total monthly liabilities of $363.96. In a third affidavit filed the next day, appellant indicated that his monthly household income totaled $1,283.36 and that his monthly liabilities totaled $1,576.26. Once again, appellant requested court appointed counsel. However, the trial court, pursuant to a Journal Entry filed on April 9, 1999, once again denied appellant's request for the appointment of an attorney, finding that appellant's income "was over the household income limit." Such denial was made without the benefit of a hearing. In a letter directed to the trial court and filed on May 4, 1999, appellant stated as follows: "I'm writing this letter to ask if you'd consider allowing me to have a court appointed attorney. I'm on Social Security Disability as is my girlfriend who I'm living with. I was appointed a attorney by Judge Frost in Common Pleas on same case. My attorney wants $1,500.00 retainer fee which I cannot afford. My girlfriend cannot afford it either because of the bills she has. I'm enclosing the bills that we both have to show you why we can't afford this retainer fee. We are struggling to make ends meet just to keep a roof over our heads." Appellant also indicated in his letter that he received only $403.00 a month in social security benefits. However, the trial court, pursuant to a letter to appellant dated May 6, 1999, once again denied appellant's request for court appointed counsel without a hearing. The trial court, in such letter, stated as follows: "My review of your file indicates that you had applied once and were denied due to your being over the household income limit. We receive guidelines from the Ohio Public Defenders Commission to apply, which is the same place where we receive the application forms. Your household income exceeds the limit." After his written requests for a court appointed attorney were denied by the trial court without a hearing, appellant, on June 24, 1999, appeared before the trial court without counsel and entered a plea of no contest to the charge of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19, a misdemeanor of the first degree. When, after the court accepted appellant's no contest plea, the trial court asked appellant whether there was anything he would like to say on his own behalf, appellant stated as follows: "Yes sir. Number one, I tried everything I can to get an attorney in here. I couldn't, I tried, begged everybody I, tried to borrow, I just cannot afford an attorney. That's why I came in and pleaded no contest. Second, on, after my sentence or whatever you find me, I'm planning on, filing a stay of appeal and I'd like to ask if you could possibly wait on this sentencing until after my appeal." Transcript of June 24, 1999, Plea Hearing at 4.
Thereafter, the trial court sentenced appellant to a period of one year incarceration at the Licking County Justice Center. The trial court also fined appellant $500.00 plus court costs and ordered that appellant's driving privileges be suspended for five years. A Judgment Entry memorializing appellant's sentence was filed on June 24, 1999. A "Change of Plea from Not Guilty to No Contest Without an Attorney," which was signed by appellant, was filed the same date. The trial court, pursuant to a Journal Entry filed on June 25, 1999, granted appellant's request for court appointed counsel for the purposes of filing an appeal. It is from his conviction and sentence that appellant prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION WHEN THE RECORD FAILS TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT EITHER APPEARED WITH COUNSEL OR EXECUTED A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.
 I, II
Appellant, in his first assignment of error, maintains that the trial court committed harmful error in denying his constitutional right to the effective assistance of trial counsel. Appellant specifically contends that the trial court "committed harmful error in failing to inquire on the record into Mr. Kincaid's claims of inability to obtain an attorney and the circumstances surrounding his claim that he needed a court appointed attorney prior to forcing Mr. Kincaid to proceed without counsel." We concur. "The constitutionally protected right to the assistance of counsel is absolute." State v. Tymcio (1975) 42 Ohio St.2d 39, 43, citing Argersinger v. Hamlin (1972) 407 U.S. 25, 37. In Tymcio, supra, the Ohio Supreme Court recognized that the trial court in a criminal case, whether involving a serious offense or a minor offense, has a duty to inquire fully into the circumstances relating to an accused's claimed inability to obtain counsel and his consequent need for assistance from the trial court in employing counsel or for the assistance of court appointed counsel. "To make the right to the assistance of court appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so." Tymcio, supra. at 45. As the Ohio Supreme Court noted in Tymcio, many factors, financial and otherwise, may "impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case." Id. At 44. There is a presumption against the waiver of a constitutional right such as the right to counsel. See Brookhart v. Janis (1966), 384 U.S. 1. There is no dispute in the case sub judice that appellant, on June 24, 1999, signed a "Change of Plea from Not Guilty to No Contest Without an Attorney" in which he indicated that "the nonrepresentation by an attorney is of my own choosing." However, in view of appellant's repeated written requests for court appointed counsel, and in accordance with this court's decision in State v. Kirkbride (Sept. 16, 1996), Licking Appeal No. 96-CA-26, unreported, we find that the trial court had a duty to inquire on the record into appellant's circumstances before overruling his motion for appointment of counsel. While, based on appellant's Affidavit of Indigency, appellant may not have appeared to be in fact indigent, there is evidence in the record that at least part of the income claimed by appellant on his Affidavits of Indigency was not appellant's income, but rather that of appellant's girlfriend. Since the trial court did not inquire on the record as to appellant's circumstances, financial and otherwise, before overruling his numerous requests for court appointed counsel and since there is a presumption against the waiver of constitutional rights such as the right to counsel, we find that appellant's first assignment of error must be sustained. Appellant's second assignment of error is, therefore, rendered moot.
For the foregoing reasons, the Judgment of the Licking County Municipal Court is reversed, and the cause is remanded to that court for further proceedings in accordance with the law.
By Edwards, J. Wise, J. dissents Reader, V.J. concurs