OPINION
 STATEMENT OF THE CASE
{¶ 1} On May 31, 2001, Appellant was charged with one count of misdemeanor theft.
{¶ 2} On May 31, 2001, Appellant entered a plea of not guilty to said theft charge and the trial was scheduled for July 30, 2001.
{¶ 3} On July 30, 2001, Appellant requested court-appointed counsel and completed and filed a Financial Disclosure/Affidavit of Indigency form.
{¶ 4} On July 31, 2001, the trial court denied said application, without hearing, finding that Appellant was "over income limit.".
{¶ 5} On September 12, 2001, Appellant appeared before the trial court for a bench trial.
{¶ 6} Prior to commencement of the trial, Appellant renewed his request for court appointed counsel.
{¶ 7} The trial court again denied Appellant's request.
{¶ 8} Appellant then requested a continuance of the trial on the basis that he needed to secure the appearance of a witness.
{¶ 9} The trial court denied Appellant's motion for continuance.
{¶ 10} The bench trial proceeded and the trial court found Appellant guilty of the offense changed.
{¶ 11} The trial court sentenced Appellant to six months incarceration at the Licking County Justice Center, with five of said six months suspended.
{¶ 12} On October 3, 2001, the balance of Appellant's sentence was suspended and her was placed on probation.
{¶ 13} On October 20, 2001, Appellant requested court-appointed counsel to prosecute an appeal on his behalf.
{¶ 14} On October 18, 2001, the trial court granted said request.
{¶ 15} On December 10, 2001, Appellant requested leave to file a delayed appeal.
{¶ 16} On January 24, 2002, Appellant was granted leave.
{¶ 17} The instant appeal follows, with Appellant assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 18} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN REQUIRING THE DEFENDANT-APPELLANT TO PROCEED TO TRIAL WITHOUT THE BENEFIT OF A HEARING ON THE CLAIM OF THE DEFENDANT-APPELLANT THAT HE WAS UNABLE TO OBTAIN REPRESENTATION AND THE REQUEST OF THE DEFENDANT-APPELLANT THAT HE BE GRANTED A COURT APPOINTED ATTORNEY."
 {¶ 19} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION WHEN THE RECORD FAILS TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT EITHER APPEARED WITH COUNSEL OR EXECUTED A KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HIS RIGHT TO COUNSEL."
{¶ 20} Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v. Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported and Chowdhury v. Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
 I., II.
{¶ 21} Appellant, in his first assignment of error, maintains that the trial court committed harmful error in denying his constitutional right to the effective assistance of trial counsel. Appellant specifically contends that the trial court committed harmful error in failing to inquire on the record into Appellant's claims of inability to obtain an attorney and the circumstances surrounding his claim that he needed a court appointed attorney prior to forcing Appellant to proceed without counsel. We agree.
{¶ 22} "The constitutionally protected right to the assistance of counsel is absolute." State v. Tymcio (1975) 42 Ohio St.2d 39, 43, citing Argersinger v. Hamlin (1972) 407 U.S. 25, 37. In Tymcio, supra, the Ohio Supreme Court recognized that the trial court in a criminal case, whether involving a serious offense or a minor offense, has a duty to inquire fully into the circumstances relating to an accused's claimed inability to obtain counsel and his consequent need for assistance from the trial court in employing counsel or for the assistance of court appointed counsel. "To make the right to the assistance of court appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so." Tymcio, supra. at 45. As the Ohio Supreme Court noted in Tymcio, many factors, financial and otherwise, may "impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case." Id. At 44. There is a presumption against the waiver of a constitutional right such as the right to counsel. See Brookhart v. Janis (1966), 384 U.S. 1.
{¶ 23} In view of appellant's repeated requests, both written and oral, for court appointed counsel, and in accordance with this court's decision in State v. Kirkbride (Sept. 16, 1996), Licking Appeal No. 96-CA-26, unreported, and State v. Timothy Kincaid I (March 17, 2000), Licking Appeal No. 99-CA-00075, unreported, we find that the trial court had a duty to inquire on the record into appellant's circumstances before overruling his motion for appointment of counsel. Since the trial court did not inquire on the record as to appellant's circumstances, financial and otherwise, before overruling his numerous requests for court appointed counsel and since there is a presumption against the waiver of constitutional rights such as the right to counsel, we find that appellant's first assignment of error must be sustained.
{¶ 24} Appellant's second assignment of error is, therefore, rendered moot.
{¶ 25} For the foregoing reasons, the Judgment of the Licking County Municipal Court is reversed, and the cause is remanded to that court for further proceedings in accordance with the law.
By: BOGGINS, J. GWIN, P.J. and FARMER, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Ohio is reversed and remanded. Costs to Appellee.