OPINION
{¶ 1} Defendant Rubin Szerlip appeals a judgment of the Municipal Court of Mt. Vernon, Knox County, Ohio, which overruled his request for appointment of counsel because he alleges he is indigent. Appellant raises other issues, including speedy trial, the trial court's overruling of his pre-trial motions, and the court's overruling of a motion to dismiss a portion of the complaint against him.
 {¶ 2} Appellant attaches a copy of the docket, which indicates that as of the date he filed his notice of appeal, appellant had not been tried on any of the charges pending against him.
 {¶ 3} The Ohio Constitution gives this court jurisdiction over certain original actions, and also over final orders from lower courts. R.C. 2505.02 defines what constitutes a final order. It provides, inter alia, we may review an order which affects a substantial right in an action that in effect determines the action and prevents a judgment, or a substantial right made in a special proceeding or upon a summary application in an action after judgment. The statute defines a substantial right as a right that the United States Constitution, the Ohio Constitution, a statute, common law, or rule of procedure entitles a person to enforce or protect. The right to counsel is a substantial right, protected by the United States and Ohio Constitutions. However, the matter before us is not a special proceeding, or a summary application in an action after judgment. This order is not one which determines an action and prevents a judgment. Accordingly, we find the judgment appealed from is not a final appealable order.
 {¶ 4} In the case of State v. Tymcio (1975), 42 Ohio St.2d 39,325 N.E.2d 556, the Ohio Supreme Court held:
 {¶ 5} "(1) The right to the assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. The entitlement depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact `unable to employ counsel.'
 {¶ 6} "(2) A preliminary determination of indigency does not foreclose a re-determination of eligibility for assigned counsel when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel become available.
 {¶ 7} "(3) It is the duty of the trial court in a criminal case to inquiry fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." Syllabus by the court.
 {¶ 8} Based upon the above, we find the trial court may reconsider the matter any time, if appellant presents new information to the court regarding his ability to employ counsel.
 {¶ 9} The appeal is dismissed for lack of jurisdiction.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
topic: appellate jurisdiction — final order.