This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark J. Smith, appeals the decision of the Summit County Court of Common Pleas, which sentenced him to a total prison term of eighteen months, fined him $2,000, and suspended his driver's license for the remainder of his lifetime. This Court affirms.
 I. {¶ 2} On February 16, 2002, appellant was issued a traffic citation for driving under the influence ("DUI"), in violation of R.C.4511.19(A)(1)(3) and having no operator's license on his person, in violation of R.C. 4507.02(A). Because appellant had three prior DUI convictions in the prior six years, the citation was amended on February 19, 2002, changing the charge to a fourth degree felony DUI. See R.C.4511.99(A)(4).
 {¶ 3} Appellant filed a motion entitled "MOTION (AND SUPPORT) TO SUPPRESS, TO BAR IN LIMINE, AND/OR TO STRIKE EVIDENCE AS TO PRIOR DUIPLEA; AND /OR TO DISMISS." In the motion, Appellant argued that the December 16, 1996 DUI conviction in Lyndhurst Municipal Court was the result of an uncounseled plea or, in the alternative, "a plea based upon a legally deficient `Waiver of Counsel.'" Appellant was sentenced to three days imprisonment in the Mayfield Heights City Jail as a result of his December 16, 1996 DUI conviction. Therefore, appellant argued that the prior DUI conviction could not be used to enhance the offense in his present case to a felony. After holding a hearing on appellant's motion, the trial court denied it. Appellant then changed his plea from not guilty to no contest.
 {¶ 4} Appellant's sentencing hearing was held on August 20, 2002. Prior to the sentencing hearing, appellant filed a motion for reconsideration of the trial court's denial of his prior motion. The trial court denied appellant's motion for reconsideration and sentenced appellant accordingly. The trial court sentenced appellant to a total of eighteen months incarceration, a $2,000 fine, and suspended his driver's license for the remainder of his lifetime.
 {¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Trial Court Erred To The Prejudice Of Appellant In Denying His Motion To . . . Strike Evidence As To Prior DUI Plea, Despite The Demonstrated Facts That (i) Such Lack Of Counsel Was Not Effectively Waived In Open Court On The Record, And (ii) Such Plea Resulted In An Incarceration Sentence."
 {¶ 6} In his sole assignment of error, appellant argues that one of the prior DUI convictions that the State relied on to enhance the charge of the February 16, 2002 incident was the result of an uncounseled plea. Therefore, appellant claims that his prior DUI conviction could not be used to enhance the February 16, 2002 DUI charge.
 {¶ 7} "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." State v. Adams
(1988), 37 Ohio St.3d 295, 297. The State argues that appellant failed to establish a prima facie case showing that his prior conviction was uncounseled.
 {¶ 8} In State v. Brandon, (1989), 45 Ohio St.3d 85, 86, the Supreme Court of Ohio stated: "It is unquestioned that an indigent defendant may not be sentenced to a term of imprisonment unless the state has afforded said defendant the right to assistance of counsel." Where an indigent defendant is not represented by counsel, has not validly waived counsel, and is sentenced to a term of incarceration, "such a convictionmay not be used to enhance a sentence in any subsequent conviction." (Emphasis sic.) Id. at 87. Crim.R. 44(B) provides, in relevant part:
 "When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." (Emphasis added.)
 {¶ 9} The Supreme Court discussed what a court's obligation to provide counsel entails in State v. Tymcio (1975), 42 Ohio St.2d 39,43-44:
 "The constitutionally protected right to the assistance of counsel is absolute. `*** absent a knowing and intelligent waiver, no person may be imprisoned for any offense *** unless he was represented by counsel at his trial.' Argersinger v. Hamlin (1972), 407 U.S. 25, 37; Gideon v. Wainwright (1963), 372 U.S. 335.
 "The obligation to provide counsel is often said to run to the `indigent.' Generally speaking, such a statement is true, because undisputed indigence, and the inability for that reason alone to obtain counsel, is the major reason requiring the assistance of court-appointed counsel. In fact, the temptation is to say that where nonindigency can be factually found, the appointment of counsel by the court not only is not required, but may not be permitted.
 "Such a rigid requirement would be arguable if indigency were judicially definable as an abstract term without regard to the circumstances of the particular case, and if indigency, as so defined, were the only actual fact bearing on the inability to obtain counsel in this and other cases. But it is not.
"***
 "Many factors may impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case.
"***
 "To make the right to the assistance of court-appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intelligent waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial. (Emphasis sic.) Argersinger, supra; Gideon, supra."
 {¶ 10} In the present case, there is no evidence that appellant was indigent at the time of his prior conviction, and he has not claimed on appeal that he was indigent. See State v. Francis (May 4, 1994), 9th Dist. No. 16351. Furthermore, there is no evidence in the record to suggest that appellant was otherwise unable to obtain counsel, and he has not argued on appeal that he was otherwise unable to obtain counsel. Absent evidence that appellant was indigent or otherwise unable to obtain counsel, appellant could not make a prima facie showing that his prior conviction was uncounseled. See, State v. Lamb, 5th Dist. No. 2002-CA-00083, 2002-Ohio-5569, at ¶ 9. See, also, State v. Ocepek
(Apr. 15, 1998), 9th Dist. No. 18542; State v. Tymcio, supra. As appellant failed to demonstrate a prima facie case that he was denied counsel in the underlying misdemeanor conviction, the trial court did not err in allowing the previous conviction to enhance the charge in the present case. Appellant's sole assignment of error is overruled.
 III. {¶ 11} Having overruled appellant's sole assignment of error, the decision of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR.