OPINION
{¶ 1} Defendant-appellant Noah Farmer appeals from his conviction and sentence in the Delaware County Court of Common Pleas on one count of burglary in violation of R.C. 2911.12 (A). The plaintiff-appellee is the State of Ohio.
 {¶ 2} On March 5, 2002, at approximately 6:30 p.m. the appellant knocked on the door of Glenn Hale's residence located in Delaware County, Ohio. When Mr. Hale's son answered the door, appellant stated that his car had broken down on a nearby highway and asked to use the telephone to call for help. Mr. Hale agreed to let appellant use the phone, but stated he would bring it to him outside. Appellant repeatedly insisted that he come inside the residence to use the phone. When Mr. Hale refused to let him in, the appellant changed his story and stated that someone was outside trying to kill him. Mr. Hale continued to keep the appellant outside the home. The appellant began pushing the door in an effort to force his way inside the home. Mr. Hale's wife and three children rushed to the door and began pushing against appellant trying to keep him outside the family's home. The appellant pushed his body into the threshold of the door, thus preventing the Hale family from closing the door.
 {¶ 3} Appellant continued to push at the door for nearly ten minutes. The Genoa Township Police Department finally arrived at the scene at which point the appellant fled. Police officers pursued the appellant and eventually caught up to him approximately 75 yards away from the Hale's home. Police ordered the appellant to the ground at gunpoint. Appellant's car was located abandoned a short distance away. The vehicle was found to be in working order. The appellant was subsequently arrested and charged with one count of burglary. Appellant waived his right to counsel and proceeded pro se. The trial court appointed standby counsel to the appellant prior to the trial.
 {¶ 4} A jury trial commenced on January 6, 2004. The defendant was found guilty of burglary at the conclusion of the trial. The trial court deferred sentencing and ordered a pre-sentence investigation report. A sentencing hearing was held on February 24, 2004. The trial court sentenced Mr. Farmer to 12 months in prison.
 {¶ 5} Appellant asked for and was appointed counsel to appeal his conviction. Appointed counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, in which he alleged no appealable issue. Pursuant to Anders, this court conducted an independent review, which included a full examination of all trial court proceedings, to determine whether an appeal in this case is wholly frivolous. By judgment entry dated September 16, 2004 this court found the filing of an Anders
brief to be inappropriate. This court granted appointed counsel's motion to withdraw. This court further remanded the matter to the trial court to appoint new counsel to represent the appellant. By judgment entry dated September 24, 2004, the trial court appointed substitute counsel for the appellant.
 {¶ 6} The following three assignments of error were presented for our consideration:
 {¶ 7} "I. The trial court erred to the prejudice of the defendant when it allowed him to represent himself without making the appropriate findings on the record and/or holding a hearing to determine whether he understood his rights and intelligently relinquished the right to representation by Competent counsel and/or by not having the waiver of counsel in writing."
 I. {¶ 8} In his sole Assignment of Error, appellant argues that the trial court erred when it failed make sufficient inquiry to determine that his decision to waive counsel and proceed pro se was a voluntary, knowing and intelligent waiver of his right to counsel. We disagree.
 {¶ 9} A criminal defendant's right to the assistance of counsel is constitutionally protected. State v. Tymcio (1975), 42 Ohio St.2d 39, 43, 71 O.O.2d 22, 24-25, 325 N.E.2d 556, 559-560. The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self representation and that he may proceed to defend himself without counsel when he voluntarily, knowingly and intelligently elects to do so. Statev. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806, 819.
 {¶ 10} Crim.R. 44 governs the procedure for waiver of counsel in "serious offense" cases. It provides:
 {¶ 11} "(A) Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him * * *, unless the defendant, after being fully advised of his right to assigned * * counsel, knowingly, intelligently, and voluntarily waives his right to counsel."
 {¶ 12} Crim.R. 44(C) further provides that in "serious offense" cases, the waiver must be in writing.
 {¶ 13} However, the written waiver provision of Crim.R. 44 is not a constitutional requirement, and, therefore, trial courts need demonstrate only substantial compliance. State v. Martin (2004), 103 Ohio St.3d 385,2004-Ohio-5471, 816 N.E.2d 227. A criminal defendant may waive his or her right to counsel either expressly or impliedly from the circumstances of the case. State v. Weiss (1993), 92 Ohio App.3d 681, 684. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." Gibson at paragraph two of the syllabus.
 {¶ 14} In State v. Martin, supra, Ohio Supreme Court reiterated the following standard to assess the validity of a waiver of counsel; "`[t]o be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. "`[State v. Gibson (1976),45 Ohio St.2d 366] at 377 quoting Von Moltke v. Gillies (1948),332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. Martin, supra at ¶ 40. The trial court must demonstrate substantial compliance by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel. Martin, supra at 392, 2004-Ohio-5471 at ¶ 38, 816 N.E.2d at 234.
 {¶ 15} In verifying that a defendant's waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self representation. See Gibson, 45 Ohio St.2d at 377. See, also,Faretta, 422 U.S. at 835; State v. Weiss (1993), 92 Ohio App.3d 681,686. The trial court should also consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances. See Gibson, 45 Ohio St.2d at 377, citing Von Moltke v. Gillies (1948), 332 U.S. 708, 724, 92 L.Ed. 309. A court may also consider various other factors, including the defendant's age, education, and legal experience. State v. Doane (1990),69 Ohio App.3d 638, 647.
 {¶ 16} "A judge can make certain that accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all of the circumstances under which such a plea is tendered." Von Moltke, supra, at 724. "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst (1938), 304 U.S. 458, 464. A sketchy or minimal inquiry touching upon only some of the above-enumerated factors will not adequately establish an effective waiver of counsel.State v. McQueen (1997), 124 Ohio App.3d 444, 447.
 {¶ 17} After the right to counsel has been properly waived, trial courts may appoint standby counsel to assist the pro se defendant.Martin, supra, at ¶ 28. Nevertheless, the defendant has no right to hybrid representation, which presents problematic ethical issues concerning effective assistance of counsel when counsel has taken a more active role in the defense. Id., at ¶ 33. Thus, when permitted to go beyond mere consultation, hybrid representation may constitute reversible error. See Id.
 {¶ 18} In this case, the record contains a Judgment Entry of Arraignment filed December 18, 2003 that indicates the trial court advised appellant of his constitutional rights and appellant waived counsel at that time. Appellant has not included a transcript of his arraignment in the appellate record.
 {¶ 19} Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error.Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500,506; Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314,549 N.E.2d 1237, 1238-1239. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. Wozniak,90 Ohio App.3d at 409, 629 N.E.2d at 506; In re Adoption of Foster
(1985), 22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072-1073.
 {¶ 20} We reach the same conclusion in the case at bar because the appellant has failed to include in the record the transcript of the appellant's arraignment.
 {¶ 21} Appellant's sole Assignment of Error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Hoffman, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.