The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams,* 173 Ohio App.3d 556, 2007-Ohio-5672.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 06–CA–89.

Decided Oct. 19, 2007.

Craig W. Saunders, for appellee.

Flanagan, Lieberman, Hoffman & Swaim and Kelie M. Niswonger, for appellant.

---

BROGAN, Judge.

{¶ 1} Anthony Williams appeals from his conviction of assault and trespass after a jury trial in the Xenia Municipal Court. In two related assignments of error, Williams contends that his convictions should be set aside because he was denied the assistance of counsel and he did not knowingly or voluntarily waive the assistance of counsel.

{¶ 2} Williams was charged on April 16, 2006, and he was brought to trial on June 8, 2006. On the day of trial, the following occurred in open court:

{¶ 3} "MORNING SESSION, THURSDAY, JUNE 8, 2006

{¶ 4} "THE COURT: This is 06CRB710. Anthony Williams is present in court. Also present is Ron Lewis, and it's my understanding that we are having a jury trial today.

{¶ 5} "MR. LEWIS: That is my understanding as well, Your Honor.

{¶ 6} "THE COURT: The first thing we need to do is give Mr. Williams a Kleenex so he can get rid of the gum in his mouth.

{¶ 7} "THE DEFENDANT: There is no gum, ma'am.

{¶ 8} "THE COURT: Okay. What are you chewing?

{¶ 9} "THE DEFENDANT: I was trying to keep from having to spit.

{¶ 10} "THE COURT: Okay. Mr. Williams, you don't have an attorney with you. Why is that?

{¶ 11} *"THE DEFENDANT: Well, at this time, I really can't afford one, and I don't qualify for a public defender or whatnot.*

{¶ 12} "THE COURT: Okay. And you did file a jury demand. You want this before a jury?

{¶ 13} "THE DEFENDANT: Yes, ma'am. I think that would be the best.

{¶ 14} "THE COURT: All right.

{¶ 15} "MR. LEWIS: For the record, Your Honor, we did make an offer to Mr. Williams this morning to plead to one count of assault, dismiss the balance. For the record, we would further recommend that the State would stand silent on sentencing. It is my understanding that Mr. Williams has turned down that offer.

{¶ 16} "THE COURT: Is that right?

{¶ 17} "THE DEFENDANT: Yes, ma'am. I would be willing to plead guilty to disorderly conduct.

{¶ 18} "THE COURT: Okay. Well, apparently, that has not been offered, so—

{¶ 19} "MR. LEWIS: Additionally, Your Honor, we would respectfully ask the Court to dismiss the drug paraphernalia charge. It has not come back from the lab yet. If it comes back positive for cocaine, we'll be pursuing that as a felony.

{¶ 20} "THE COURT: Okay. That is dismissed at no cost to the Defendant without prejudice.

{¶ 21} "Actually, before I do that, is there anything you want to say about that proposal, Mr. Williams?

{¶ 22} "THE DEFENDANT: Excuse me, ma'am?

{¶ 23} "THE COURT: Is there anything you want to say about that request to dismiss?

{¶ 24} "THE DEFENDANT: No, ma'am.

{¶ 25} "THE COURT: Okay. That is going to be dismissed without prejudice at no cost to the Defendant.

{¶ 26} "MR. LEWIS: Thank you, Your Honor.

{¶ 27} "THE COURT: All right. So we are going to try this case, then, to a jury. If Mr. Williams wants to do that, he needs to—*we are going to have you write on this that you waive your right to counsel because you can't afford one or however you want to word it, but I need that signed at the bottom. Just—you can just add a notation on your jury demand here.*

{¶ 28} "THE BAILIFF: Will this suffice, Your Honor? (Indicating.)

{¶ 29} "THE COURT: Yeah, that is good. I didn't know we had that.

{¶ 30} "THE DEFENDANT: Both of these case numbers, then, or—

{¶ 31} "THE BAILIFF: Yes.

{¶ 32} "THE DEFENDANT: I'm going to need some tissue probably.

{¶ 33} "THE COURT: There's a box on my desk back there. Okay. I guess we should bring in the jury, then." (Emphasis added.)

{¶ 34} In *State v. Tymcio* (1975), 42 Ohio St.2d 39, 71 O.O.2d 22, 325 N.E.2d 556, the Ohio Supreme Court held that it is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel. In *Tymcio,* the defendant had been determined a month before trial not to be indigent. Id. at 40, 71 O.O.2d 22, 325 N.E.2d 556. On the day of trial, Tymcio appeared in court without counsel and asked the court to appoint counsel for him because he had no funds and could not borrow money to employ counsel. Id. The trial court denied Tymcio's request, noting that another judge had previously in this case found him not to be indigent. Id. The trial proceeded, Tymcio was convicted, and his conviction was affirmed on appeal. In reversing Tymcio's conviction, Judge Paul Brown wrote on behalf of the Supreme Court:

{¶ 35} "To make the right to the assistance of court-appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so. Absent a knowledgeable and intelligent waiver, a defendant may not be imprisoned unless he was represented by counsel at his trial.

{¶ 36} "We hold that a preliminary determination of indigency can not be permitted to foreclose a redetermination of eligibility for assigned counsel, when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available. It is then the duty of the trial court to inquire fully into the circumstances impinging upon the defendant's claimed inability to obtain counsel, and his consequent need either for assistance in employing counsel, or for the assistance of assigned counsel. When an accused is financially able, in whole or in part, to obtain the assistance of counsel, but is unable to do so for whatever reason, appointed counsel must be provided. In such case, appropriate arrangements may subsequently be made to recompense appointed counsel for legal services rendered.

{¶ 37} "The trial court's failure to ensure that defendant was adequately represented by counsel violated the mandate of *Argersinger* [*v. Hamlin* (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530], and invalidates the judgment below. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings." *Tymcio*, 42 Ohio St.2d at 45, 71 O.O.2d 22, 325 N.E.2d 556.

{¶ 38} In this matter, the trial court failed to inquire fully into the circumstances impinging upon Williams's claimed inability to obtain counsel and his consequent need for assistance in employing counsel or for the assistance of court-appointed counsel. The court merely informed Williams: "[W]e are going to have you write on this that you waive your right to counsel because you can't afford one or however you want to word it." This comment by the trial court hardly sufficed to demonstrate that Williams was knowingly and intelligently waiving his right to be represented by counsel. Appellant's first and second assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

WOLFF, P.J., and FAIN, J., concur.