[Cite as *State v. Wills*, 2011-Ohio-5580.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee, | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2010 CA 0013 |
| MICHELLE WILLS, | : | |
| | : | |
| | : | |
| Defendant-Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Morrow County Municipal
                                    Court Case No. 2010-CRB-2895


JUDGMENT:                           REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:             October 25, 2011


APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

CHARLES HOWLAND                             MARK V. MINISTER 0051924
Morrow County Prosecutor                    P.O. Box 333
STEVEN M. PHILLIPS 0051816                  11 South Liberty Street
48 East High Street                         Marengo, Ohio 43334
Mount Gilead, Ohio 43338

*Delaney, J.*

{¶ 1} Defendant-Appellant, Michelle Wills, appeals the judgment of the Morrow County Municipal Court, finding her guilty of one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and holding her in contempt of court. The State of Ohio waived its right to file a brief in this matter.

## SUBSTANTIVE AND PROCEDURAL FACTS

{¶ 2} On April 26, 2010, Appellant was in a dispute with her live-in boyfriend, Carl Hudson. Appellant lived with Hudson and his mother, Barbara Hudson, at the time.

{¶ 3} On the evening of the 26th, Appellant and Hudson drove in Appellant's truck to Coaches' Bar in Centerburg, Ohio. While there, both parties consumed alcohol and then they left to go to another bar in Fulton, Ohio. As the two were getting ready to get into Appellant's truck, they got into a verbal dispute as to who should drive because Hudson felt that Appellant was too intoxicated to drive.

{¶ 4} Appellant initially drove the truck towards Hudson's house until she ran the truck into a ditch. After getting the car out of the ditch, Appellant continued to drive to Hudson's house and yelled at him while in the car. When the two arrived at Hudson's, he took the truck keys out of the ignition and stuck them in his pocket. Appellant chased him into the house, yelling obscenities at him. She demanded that he give her the keys back and was acting belligerent.

{¶ 5} She then called her dog, a Boxer, to attack Hudson and she began hitting Hudson in the face. Hudson was able to get the dog to disengage, but Appellant kept hitting him. Mrs. Hudson witnessed the assault and confirmed that, as a result of the

altercation, Hudson obtained multiple bruises, two black eyes, a bloody nose and a busted lip, as well as scratches from Appellant's keys and fingernails.

{¶ 6} Appellant took her keys back from Hudson and left the residence. Prior to leaving, she threatened to have Hudson killed. Hudson called the Morrow County Sheriff's office and made a report of the assault. Deputy Rigney filed a complaint for one count of domestic violence against Appellant on April 27, 2010.

{¶ 7} Appellant was arraigned on May 20, 2010, and entered a not guilty plea and waived her right to a speedy trial. She advised the court that she would retain her own attorney. Later, she filled out an affidavit of indigency and requested court appointed counsel. On July 29, 2010, Appellant appeared before the trial court again, this time for a bench trial on the charge against her. She asked for court appointed counsel. The trial court inquired as to what change in circumstances precipitated the request for court appointed counsel. Appellant stated that she lost her income, which had previously been $4.00 an hour plus tips because she worked as a waitress. She stated that she was behind on her truck payment and her motorcycle payment and that she was "barely" getting by. The court asked why she lost her job and she stated that it was a "mutual agreement" that she leave the job because "the money wasn't worth the drama."

{¶ 8} The trial court, in inquiring as to whether Appellant was indigent, determined that based upon her assets, a $30,000.00 truck, a $10,000 motorcycle, and the fact that she was residing with her boyfriend's parents and not having to pay rent, that she was not indigent. The court also noted that Appellant was an able-bodied

individual who had voluntarily given up her paying job and that the taxpayers should not have to pay for an attorney for her for those reasons.

{¶ 9}   A continuance was granted until September 2, 2010, so that Appellant could try to obtain her own counsel. However, prior to the start of trial on that day, the court noted that Appellant was present, not represented by counsel, and "going to go pro se on this." The court explained that Appellant would be presumed to know the rules of court "just like a lawyer" if she chose to represent herself.  He explained the trial procedure regarding opening statements, direct and cross examinations, admitting evidence, and closing arguments. However, there is no written or oral waiver of counsel in the record.

{¶ 10} The case proceeded to trial at that time, and the State called Hudson, his mother, and Trooper Russell Rigney.  Appellant testified on her own behalf and also called her son to testify.

{¶ 11} After trial, the court convicted Appellant as charged in the complaint.  He also held her in contempt of court for being argumentative on multiple occasions with the court and for failing to listen to the court regarding speaking out of turn.  Appellant was sentenced to sixty days in jail, with fifty days suspended, on the domestic violence conviction and five additional days for the contempt finding.

{¶ 12} Appellant raises what appear to be four Assignments of Error, though they are not framed as such:

{¶ 13} "I. DOES THE FIFTH, SIXTH AMENDMENTS TO THE UNITES [SIC] STATES CONSTITUTION AND STATE STATUTE OHIO CRIMINAL RULE 44, PROVIDE A FUNDAMENTAL RIGHT TO COUNSEL WITH IS ESSENTIAL TO A FAIR TRIAL?

{¶ 14} "II. DID THE LOWER COURT CONDUCT A SUFFICIENT INQUIRY INTO WHETHER DEFENDANT WAS INDIGENT AND THEREFORE ELIGIBLE FOR COURT APPOINTED COUNSEL?

{¶ 15} "III. DID THE STATE ESTABLISH A VALID WAIVER OF COUNSEL?

{¶ 16} "IV. DID THE PRESIDING JUDGE ABUSE HIS DISCRETION AND THERE BY [SIC] DENY DEFENDANT HER CONSTITUTIONAL RIGHT TO COUNSEL."

## I, II, III, & IV

{¶ 17} All of Appellant's arguments focus on the trial court's refusal to grant Appellant court appointed counsel and the trial court's failure to properly obtain a waiver of counsel.

{¶ 18} We begin our analysis with the issue of waiver of counsel for a misdemeanor offense of the first degree, punishable by not more than one hundred eighty days. R.C. 2929.24(A)(1).

{¶ 19} Pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to assistance of counsel for her defense. *Gideon v. Wainwright* (1963), 372

U.S. 335, 83 S.Ct. 792, 9 L.Ed. 779; *State v. Martin*, 103 Ohio St.3d 385, 816 N.E.2d 227, 2004-Ohio-5471, ¶ 22.

{¶ 20} The right to counsel applies in misdemeanor cases, including cases involving petty offenses, that result in imprisonment. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530. Crim. R. 2 (D) defines a "petty offense" as a "misdemeanor other than a serious offense." Under Crim.R. 2(C) a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 21} Thus, Appellant was convicted of a petty offense, not a serious offense, and Crim.R. 44(B) governs the appointment of counsel.

{¶ 22} Pursuant to Crim.R. 44(B):

{¶ 23} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

{¶ 24} Crim.R. 44(C) further provides "waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In additional, in serious offense cases the waiver shall be in writing."

{¶ 25} Thus, pursuant to Crim.R. 22, in petty offense cases all waivers of counsel shall be recorded "in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

{¶ 26} In this case, there is simply no indication on the record that Appellant waived her right to counsel, nor is there any indication the court informed Appellant of her constitutional rights, including her right to counsel, nor engaged in a dialogue with Appellant to inform her of the nature of the charged offense, the range of possible punishments, any possible defenses, and the dangers and disadvantages of self-representation. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. In sum, the record is devoid of evidence that Appellant had knowingly, intelligently, and voluntarily waived her right to counsel.

{¶ 27} Moreover, we find that Appellant's affidavit of indigency coupled with her explanation of her finances to the trial court suffice to show that she could not afford her own attorney. In *State v. Tymico* (1975), 42 Ohio St.2d 39, 43, 325 N.E.2d 556, the Ohio Supreme Court instructs, at the syllabus:

{¶ 28} "1. The right to assistance of court-appointed counsel in a criminal case turns upon the inability to obtain counsel. The entitlement depends, not upon whether the accused ought to be able to employ counsel, but whether he is in fact, 'unable to employ counsel.'

{¶ 29} "2. A preliminary determination of indigency does not foreclose a redetermination of eligibility for assigned counsel when, at a subsequent stage of the proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available.

{¶ 30} "3. It is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his

consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel."

{¶ 31} At the initial appearance on May 20, 2010, Appellant was employed and she stated her desire to obtain counsel at her expense.  On July 29, 2010, she filed  a financial disclosure and affidavit of indigency stating she had no income and listed a truck and motorcycle as assets, but a total loan balance of $33,500.  The trial court denied court-appointed counsel because Appellant "voluntarily quit job" and "has too many toys."

{¶ 32} The Ohio Supreme Court in *Tymico* stated "[w]hen an accused is financially able, in whole or part, to obtain the assistance of counsel, *but is unable to do so for whatever reason*, appointed counsel must be provided. In such a case, appropriate arrangements may subsequently be made to recompense appointed counsel for legal services rendered." Id. at 45. (Emphasis added).

{¶ 33} In this matter, Appellant had no monthly income, no employment, and past due loan balances on encumbered vehicles.

{¶ 34} We find the trial court's failure to ensure that Appellant was adequately represented by counsel violated the mandate of *Argersinger* and *Tymico*, supra. Accordingly, this Court must reverse the trial court and remand this matter for a re-determination of indigency and for a new trial.

{¶ 35} Appellant's assignments of error are sustained.  Therefore, the trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this Opinion.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.

 

 

HON. PATRICIA A. DELANEY

 

 

HON. W. SCOTT GWIN

 

 

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Wills*, 2011-Ohio-5580.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MICHELLE WILLS, | : | |
| | : | |
| Defendant-Appellant. | : | Case No. 2010 CA 0013 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Municipal Court is reversed and the cause is remanded for further proceedings.  Costs assessed to Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN