OPINION
{¶ 1} Appellant Thomas Bettah appeals his conviction and sentence, in the Licking County Municipal Court, for operating a motor vehicle under the influence of alcohol and failure to operate within marked lanes. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 31, 2004, appellant was charged with one count of operating a motor vehicle under the influence of alcohol/drug of abuse (Granville Ordinance No. 333.01(A)), a misdemeanor of the first degree, one count of driving under a suspended license (Granville Ordinance No. 335.07(A)), a misdemeanor of the first degree, and failure to operate within marked lanes (Granville Ordinance No. 331.08), a minor misdemeanor. Appellant initially appeared in the Granville Mayor's Court, but his case was transferred to the Licking County Municipal Court.
 {¶ 3} On February 9, 2005, appellant appeared before the Licking County Municipal Court for trial. When asked by the trial court whether he was going to represent himself or be represented by counsel, appellant asked the trial court for additional time to obtain an attorney. Appellant indicated that he had not retained an attorney since "I can't drive so I barley (sic) go to work." Tr., February 9, 2005, at 2. After appellee indicated that it had no objection to a continuance of the trial, the following discussion occurred on the record:
 {¶ 4} "THE COURT: According to what I see in the file you were notified on January 7th that there was going to be a trial today, again I'm still at a loss as to why you haven't taken steps to find an attorney, you got here today didn't you? How did you get here today?
 {¶ 5} "MR. BETTAH: My neighbor brought me.
 {¶ 6} "THE COURT: So why didn't you have your neighbor take you to see an attorney?
 {¶ 7} "MR. BETTAH: Your Honor, I haven't been able to drive and I've been able to go to work barely because I barely get a ride to go to work, I go to work sometimes two days a week and mostly I get enough money to pay just my rent and my bills and feed myself. So I can't drive, I beg people to take me to work, I was coming here to please see if the Court could give me some time and give me driving privileges, so I can drive and go to work and then I will show up over here with an attorney, that's all I'm asking for.
 {¶ 8} "THE COURT: Well now your [sic] asking for more than you were asking for. You were asking for a continuance now all of a sudden your [sic] asking for driving privileges.
 {¶ 9} "THE COURT: The order of the Court is as follows, that you appeared here without an attorney, you requested a continuance to consult with an attorney. The Village of Granville is present with two witnesses and ready to proceed with trial but they have no objection to the continuance, so the case will be continued and re-scheduled. You will not be granted any further continuances. When you come back, you must be prepared to go to trial, period, do you understand?
 {¶ 10} "MR. BETTAH: Yes Your Honor." Tr., February 9, 2005, at 3.
 {¶ 11} The trial was later rescheduled to April 13, 2005. On that date, just prior to the commencement of the bench trial, appellant stated that he wanted to "end the case" because he did not have the money to hire an attorney. Tr., April 13, 2005, at 4. The following discussion then took place on the record:
 {¶ 12} "THE COURT: Uh huh. So, are you ready to go to trial on your drunk driving charge?
 {¶ 13} "DEFENDANT: Yes, Your Honor.
 {¶ 14} "THE COURT: Okay, call your first witness. We're going on all three charges.
 {¶ 15} "[ASSISTANT PROSECUTOR] MR. SCHMANSKY: Yes sir. I apologize for the, for the delay. The Village would like to call Officer John Davis.
 {¶ 16} "THE COURT: Sir, you want to take the witness stand? So, before the witness is sworn, Mr. Bettah, you wish to proceed here today then without an attorney, is that correct?
 {¶ 17} "DEFENDANT: I was wishing that, I hope that the Judge could grant me a lawyer, but —
 {¶ 18} "THE COURT: Did you apply to the Court for an attorney?
 {¶ 19} "DEFENDANT: I don't know. They told me I was going to get one down here when I got here. I don't know how I do it.
 {¶ 20} "(Brief pause while the Court reviews case file.)
 {¶ 21} "THE COURT: Well, sir, back in February you appeared in this Court, right?
 {¶ 22} "DEFENDANT: Yes, Your Honor.
 {¶ 23} "THE COURT: And you told the Judge at that time that you wanted to consult with an attorney.
 {¶ 24} "DEFENDANT: Yeah.
 {¶ 25} "THE COURT: And the Judge indicated at that time that no further continuances would be granted. You didn't apply for a court appointed attorney.
 {¶ 26} "DEFENDANT: I didn't apply because I thought I could get one outside but I went out. I couldn't get it because I couldn't afford it." Tr., April 13, 2005, at 5-6.
 {¶ 27} The trial nonetheless went forward. At the conclusion of the State's case, the trial court found appellant not guilty of driving under a suspended license because appellant's driving record indicated that, at the time that appellant was cited, the noncompliance suspension had been removed. Appellant then took the stand in his own defense.
 {¶ 28} At the conclusion of all of the evidence, the trial court found appellant guilty of the driving under the influence and marked lane offenses. Pursuant to a Judgment Entry of Conviction filed on April 13, 2005, appellant was sentenced to thirty (30) days in jail, with twenty-seven (27) days suspended, and was fined $300.00. In addition, appellant's driver's license was suspended for a period of one year and appellant was placed on probation for a period of one year.
 {¶ 29} Appellant herein raises the following four Assignments of Error:
 {¶ 30} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 31} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION WHEN THE RECORD FAILS TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT EITHER APPEARED WITH COUNSEL OR EXECUTED A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL.
 {¶ 32} "III. THE RECORD BELOW FAILS TO DEMONSTRATE SUFFICIENT EVIDENCE TO JUSTIFY, WARRANT OR SUPPORT THE CONVICTION OF THE DEFENDANT-APPELLANT FOR A VIOLATION OF R.C. 4511.19.
 {¶ 33} "IV. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE TESTIMONY OF THE INVESTIGATING OFFICER WITH RESPECT TO THE `FIELD SOBRIETY TESTS' ADMINISTERED IN CONNECTION WITH THE INSTANT CASE WHERE INSUFFICIENT FOUNDATION WAS LAID CONCERNING THE QUALIFICATIONS OF THE OFFICER TO ADMINISTER AND INTERPRET THE TESTS IN QUESTION."
 I. {¶ 34} In his First Assignment of Error, appellant argues that the trial court erred in denying appellant his constitutional right to the effective assistance of counsel. We agree in part.
 {¶ 35} "The constitutionally protected right to the assistance of counsel is absolute." State v. Tymcio (1975)42 Ohio St.2d 39, 43, 325 N.E.2d 556, citing Argersinger v. Hamlin
(1972) 407 U.S. 25, 37, 92 S.Ct. 2006. In Tymcio, supra, the Ohio Supreme Court recognized that the trial court in a criminal case, whether involving a serious offense or a minor offense, has a duty to inquire fully into the circumstances relating to an accused's claimed inability to obtain counsel and his consequent need for assistance from the trial court in employing counsel or for the assistance of court-appointed counsel. "To make the right to the assistance of court appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so." Tymcio, supra, at 45. There is a presumption against the waiver of a constitutional right such as the right to counsel. See Brookhart v. Janis (1966), 384 U.S. 1,86 S.Ct. 1245.
 {¶ 36} The record of the pretrial colloquy at the April 13, 2005 trial reveals that appellant, who was facing a mandatory period of incarceration, clearly indicated to the trial court that he was unable to afford to retain counsel. We hold the trial court did not sufficiently inquire into appellant's circumstances before denying appellant's request for court-appointed counsel as to the charge of driving under the influence. However, the law is well-settled in Ohio that an individual charged with a minor misdemeanor, who faces no possible jail time as a sentence, is not entitled to appointed counsel. See, e.g., City of Willard v.Wertz (April 13, 2001), Huron App. No. H-00-001. See, also,Robinson v. City of Canton (Dec. 27, 1988), Stark App. No. 7611. We thus find no merit in appellant's claim as to the "marked lanes" minor misdemeanor charge.
 {¶ 37} Accordingly, appellant's First Assignment of Error is sustained in part and overruled in part.
 II. {¶ 38} In his Second Assignment of Error, appellant contends the trial court erred in sentencing him to a period of incarceration, when the record fails to demonstrate that appellant either appeared with counsel or executed a knowing and intelligent waiver of his counsel. We agree in part.
 {¶ 39} The Sixth Amendment, made applicable to the States through the Fourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self representation, and that he may proceed to defend himself without counsel when he voluntarily, knowingly, and intelligently elects to do so. Statev. Gibson (1976), 45 Ohio St.2d 366, 377, 345 N.E.2d 399, citingFaretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. Statev. Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47.
 {¶ 40} An effective waiver requires the trial court to ". . . make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right."Gibson, supra. at paragraph two of the syllabus. In Gibson,
supra, the Ohio Supreme Court explained what constitutes a "sufficient inquiry" into a criminal defendant's waiver of his right to counsel: "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at 377. (Citation omitted).
 {¶ 41} In the case sub judice, there is no indication in the record that appellant was advised by the trial court of the dangers of self-representation or that appellant was aware of the nature of the charges against him, the range of allowable punishments and all possible defenses to the charges. Thus, we hold the trial court failed to establish that appellant made a valid waiver of his right to counsel; however, we conclude that reversible error was committed only as to the jailable offense for which he was convicted, i.e., driving under the influence.
 {¶ 42} Regarding the charge of failure to drive in marked lanes, we first recognize that a defendant facing a minor misdemeanor charge has the right to retain counsel of his or her choice. See City of Cleveland v. Cohen (Aug. 13, 1987), Cuyahoga App. No. 53135, citing Powell v. Alabama (1932),287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158. However, we find no basis for directing a trial court to obtain knowing, voluntary, and intelligent waiver of counsel, pursuant to Gibson andFaretta, on a traffic minor misdemeanor charge, where the defendant has previously been granted a continuance to obtain counsel. Rather, "[i]n the event that the sentencing statute does not permit incarceration, the trial court is not obligated to provide counsel or to obtain a waiver." Sheffield Village v.Poltis (Dec. 9, 1998), Lorain App. No. 97CA006881. See, also,State v. Wiest, Hamilton App. No. C-030674, 2004-Ohio-2577, ¶ 27.
 {¶ 43} Therefore, appellant's Second Assignment of Error is sustained in part and overruled in part.
 III, IV {¶ 44} Appellant, in his Third Assignment of Error, argues that his conviction for driving under the influence of alcohol is against the sufficiency of the evidence. In his Fourth Assignment of Error, appellant maintains that the trial court erred in accepting the arresting police officer's testimony with respect to the administration of the field sobriety tests.
 {¶ 45} Based on our disposition of the First and Second Assignments of Error, we find appellant's Third and Fourth Assignments of Error are moot.
 {¶ 46} For the reasons stated in the foregoing opinion, the judgment of the Licking County Municipal Court is affirmed in part, reversed in part, and remanded to the trial court for further proceedings on the charge of driving under the influence.
Wise, J. Hoffman, P.J., and Edwards, J., concurs in part and dissents in part.