OPINION
{¶ 1} Defendant-appellant Kim Shreve appeals his convictions in Ashland Municipal Court Case Nos. 2005-CR-B-654AB, 2005-CR-B-910AB, and 2005-CR-B-1108. Plaintiff-appellee is the City of Ashland.
 STATEMENT OF LAW AND FACTS {¶ 2} On May 21, 2005, appellant was arrested and charged with one count of resisting arrest in violation of R.C.2921.33(A), a misdemeanor of the second degree, and one count of disorderly conduct in violation of R.C. 2917.11(B)(1), a minor misdemeanor. Although appellee was initially represented by counsel, his counsel withdrew on or about June 30, 2005, due to a conflict of interest. See, Ashland Municipal Court Case No. 2005-CR-B-654AB.
 {¶ 3} On July 11, 2005, appellant was arrested and charged with one count of criminal trespass in violation of R.C.2911.21(A)(1), a misdemeanor of the fourth degree, and disorderly conduct in violation of R.C. 2917.11(B)(2), a minor misdemeanor. See, Ashland Municipal Court Case No. 2005-CR-B-910AB.
 {¶ 4} On August 14, 2005, appellant was arrested and charged with one count of criminal trespass in violation of R.C.2911.21(A)(3), a misdemeanor of the fourth degree. See, Ashland Municipal Court Case No. 2005-CR-B-1108.
 {¶ 5} A bench trial on all charges was conducted on August 23, 2005, during which appellant was unrepresented by counsel. The court advised appellant of the trial procedure at the onset of the trial as follows:
 {¶ 6} "The procedure for trial, Mr. Shreve, is that the State will get to go first because they have the burden of proof to prove guilt beyond a reasonable doubt. After each witness testifies, you will have the right to ask questions by way of cross examination. After the state has rested, if you wish to call any witnesses you may. If you wish to testify yourself, you may. You're not required to do anything except be here. If you do testify, it has to be your own choice. And you can't be compelled to testify against your will. If you have any questions on procedure, I can help you a little bit."
 {¶ 7} Appellant was not advised of his right to counsel, or of the perils of self representation. He was not asked if he was prepared to proceed. He asked no questions of the State's witnesses and called no witnesses in his defense. He was found guilty on all counts.
 {¶ 8} In Case No. 2005-CR-B-654AB appellant was sentenced to serve ninety (90) days in the Ashland County Jail for resisting arrest, to be served consecutively to the sentences in Case Nos. 2005-CR-B-910AB and 2005-CR-B-1108, and to pay court costs. He was also sentenced to perform forty (40) hours of community service, to be served consecutively to the community service imposed in Case No. 2005-CR-B-910 AB, and pay a $50.00 fine for disorderly conduct.
 {¶ 9} In Case No. 2005-CR-B-910AB appellant was sentenced to serve thirty (30) days in the Ashland County Jail for criminal trespass, to be served consecutively to the sentences in Case Nos. 2005-CR-B-654AB and 2005-CR-B-1108, and to pay court costs. He was also sentenced to perform forty (40) hours of community service, to be served consecutively to the community service imposed in Case No. 2005-CR-B-654AB, and pay a fine of $50.00 for disorderly conduct.
 {¶ 10} In Case No. 2005-CR-B-1108 appellant was sentenced to serve thirty (30) days in the Ashland County Jail, to be served consecutively to the sentences in Case Nos. 2005-CR-B-654AB and 2005-CR-B-910AB, and to pay court costs.
 {¶ 11} On September 22, 2005, appellant filed a motion for appointment of as counsel [sic] and an affidavit of indigency, and on September 23, 2005 the trial court appointed appellant counsel for purposes of appeal.
 {¶ 12} Appellant asserts the following assignment of error:
 {¶ 13} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE APPELLANT HIS RIGHT TO COUNSEL. THIS ERROR IS REFLECTED IN THE TRANSCRIPT."
 {¶ 14} Appellant argues that the trial court denied his right to counsel. We agree.
 {¶ 15} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee criminal defendants the absolute right to counsel. See, State v.Bettah, Licking App. No. 05CA50, 2006-Ohio-1916, at ¶ 35, citingState v. Tymcio (1975), 42 Ohio St.2d 39, 43, 325 N.E.2d 556, and Argersinger v. Hamlin (1972), 407 U.S. 25, 37,92 S.Ct. 2006, 32 L.Ed.2d 530. A criminal defendant may waive this right to counsel either expressly or impliedly based upon the circumstances of the case. Bettah at ¶ 39, citing State v.Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47. Further, a criminal defendant may defend himself if he elects to do so voluntarily, knowingly, and intelligently. Id., citing State v.Gibson (1976), 45 Ohio St.2d 366, 377, 345 N.E.2d 399.
 {¶ 16} In order for a criminal defendant to effectively waive his right to counsel, the trial court must make sufficient inquiry into whether or not the defendant fully understood the legal ramifications of such a waiver. The trial court's inquiry must confirm that the defendant's waiver was made with an awareness of the nature of the charges against him, the statutory offenses included in said charges, the range of allowable punishments, possible defenses to the charges and mitigating factors, and any other facts essential to broad understanding of the entire matter. Bettah at ¶ 40.
 {¶ 17} In the case at hand, the appellant was originally represented by counsel, who withdrew on or about June 30, 2005. There is no evidence in the record before us that, after the withdrawal, the appellant was ever advised of his right to counsel, appointed or otherwise, such that he was able to make a voluntary, knowing and intelligent decision to proceed without the benefit of counsel.
 {¶ 18} The law in Ohio is well settled that a defendant charged with a minor misdemeanor, in which no jail time can be imposed, is not entitled to appointed counsel. See, Bettah at ¶ 36. Thus, appellant did not have the right to court-appointed counsel for the minor misdemeanor charges on which he was tried. However, the right to counsel is guaranteed in all criminal matters, regardless of the category into which the charged offense(s) fall, and appellant therefore had the right to counsel on all charges with which he was faced. The record herein does not reflect that the appellant was ever advised of his right to counsel, or that he effectively waived his right to counsel.[1] Accordingly, the appellant's assignment of error is sustained, and this matter is reversed and remanded to the trial court.
By: Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Municipal Court is reversed and remanded to the trial court. Costs assessed to appellee.
[1] Appellee argues that the record as transmitted by the appellant does not reflect that appellant was advised of his right to counsel, but that the record as transmitted is incomplete without a transcript of the pretrials and other proceedings, which do so reflect. While the appellant does, generally, bear the burden of showing error by references to the record, if the appellee considers the record to be inadequate insofar as it does not contain a "transcript of other parts of the proceedings necessary" to thoroughly consider the issues on appeal, then it becomes the appellee's duty to supplement the record with that information. See, App. R. 9(B). Thus, if the appellee felt the record, if supplemented, would evidence the fact that the appellant was fully advised of his right to counsel, it should have supplemented the record accordingly.