OPINION *Page 2 
{¶ 1} Following a bench trial, Martin Davis was convicted of domestic violence but acquitted of violating a protection order.
 {¶ 2} Davis now appeals his domestic-violence conviction. We have granted the city of Cincinnati leave to appeal from the trial court's decision that a temporary protection order and a continuance order were invalid.
 The City's Leave to Appeal {¶ 3} In State v. Bistricky, the Ohio Supreme Court held that a "court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."[1] The court determined that, although principles of double jeopardy preclude retrial of an acquitted defendant, the state may appeal by leave of court evidentiary rulings and substantive law rulings that result in a judgment of acquittal.[2]
 {¶ 4} In this case, the city acknowledges that Davis' acquittal must remain undisturbed. But the city asks us to review the trial court's ruling that the underlying temporary protection order and a continuance order were invalid. Specifically, the city challenges the trial court's ruling that a magistrate's order was invalid in the absence of the trial court's explicit adoption of the order. *Page 3 
 R.C. 2903.214 Protection Orders {¶ 5} A person may petition the common pleas court for an anti-stalking civil protection order ("CPO") under R.C. 2903.214. If the petitioner requests an ex parte hearing, the court must hold the hearing as soon as possible.[3] The court, for good cause shown at the ex parte hearing, may enter any temporary orders that the court finds necessary for the protection of the person seeking the CPO.[4]
 {¶ 6} If the court issues an ex parte CPO, the court must schedule a full hearing within ten court days after the ex parte hearing, and the court must give notice of the full hearing to the respondent.[5] At the full hearing, the respondent must be given an opportunity to be heard.[6]
 {¶ 7} The court must hold the full hearing on the scheduled date unless the court grants a continuance of the hearing in accordance with the statute.[7] For good cause, the court may grant a continuance of the hearing to a reasonable time determined by the court.[8] If the court grants such a continuance, the ex parte CPO does not expire.[9]
 A Magistrate May Issue a Temporary CPO underR.C. 2903.214 {¶ 8} A proceeding under R.C. 2903.214 must be conducted in accordance with the Ohio Rules of Civil Procedure.[10] Civ. R. 53 authorizes a court to refer certain matters to a magistrate for determination, including proceedings for the issuance of a temporary protection order.[11] *Page 4 
 {¶ 9} A magistrate may enter orders without judicial approval if it is necessary to regulate the proceedings, and if the orders are not dispositive of a claim or defense of a party.[12] Because a temporary CPO is not dispositive of a party's claim or defense, a magistrate may issue a temporary CPO without judicial approval.
 {¶ 10} Any party may challenge a magistrate's order by filing with the trial court a motion to set aside the order.[13] The motion must be filed within ten days of the magistrate's order.[14] While a motion to set aside a temporary ex parte CPO is pending, the CPO remains in effect, unless otherwise ordered by the court.[15]
 The Temporary Ex Parte CPO {¶ 11} In this case, on September 7, 2007, a magistrate of the common pleas court issued a temporary ex parte CPO against Davis, pursuant to R.C. 2903.214. A common pleas judge signed the CPO. The magistrate scheduled a full hearing on the matter for September 21, 2007. On the scheduled date, the magistrate continued the hearing to October 12, 2007, for good cause, specifically because Davis had been dressed inappropriately. A common pleas judge signed the continuance order.
 {¶ 12} On October 10, 2007, two days before the scheduled full hearing, Davis was charged with violating the CPO.[16]
 The Acquittal on the CPO-Violation Charge {¶ 13} Following a bench trial, the trial court acquitted Davis of the CPO-violation charge. The court determined that the temporary CPO and the continuance order issued by the *Page 5 
magistrate were ineffective because neither had been adopted by a common pleas judge. Even though a common pleas judge had signed each of the magistrate's orders, the trial court reasoned that "a judge merely affixing his signature next to the magistrate's signature * * * does not constitute the [c]ourt's adopting the magistrate's decision." The court based its conclusion on this court's decision in Yantek v. CoachBuilders Ltd., Inc.[17]
 {¶ 14} In Yantek, we held that "a magistrate's decision in a referred matter remains interlocutory until the trial court reviews the decision, adopts or modifies the decision, and enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay."[18] Without each of those three steps, we held, the rulings of a magistrate and the verdict of a jury over which the magistrate presided are not final and appealable orders.[19]
 {¶ 15} In a single assignment of error, the city now argues that the trial court erred by finding "that `magic words' of adoption were required near the judge's signature to effectuate an ex parte temporary civil protection order." The city contends that the trial court's reliance on Yantek was misplaced. We agree.
 A Magistrate's Order {¶ 16} In this case, neither the magistrate's temporary CPO nor the magistrate's continuance order was dispositive of any claims or defenses. The magistrate had the authority to issue the CPO, and the continuance order was merely a ministerial act that was necessary to regulate the proceedings. Neither of these orders constituted a decision as contemplated in the Yantek analysis. And even though judicial approval was not necessary, each of the orders had been signed by a common pleas judge. *Page 6 
 {¶ 17} Moreover, because the magistrate had granted a continuance of the scheduled full hearing for good cause, the temporary CPO had not expired at the time of Davis' violation of the order.
 {¶ 18} Accordingly, we hold that the trial court erred by concluding that the temporary CPO and the continuance order were ineffective because they had not been adopted by the common pleas court. We sustain the city's assignment of error. But because Davis cannot be retried for the CPO-violation charge due to double-jeopardy principles, we do not disturb his acquittal on that charge.[20]
 The Domestic-Violence Conviction {¶ 19} In a single assignment of error, Davis argues that his conviction for domestic violence was against the manifest weight of the evidence and was based upon insufficient evidence.
 {¶ 20} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.[21] In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror."[22] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[23]
 {¶ 21} To convict Davis of domestic violence, in violation of R.C. 2919.25(A), the trial court had to find that Davis had knowingly caused or attempted to cause physical harm to a family member. *Page 7 
 {¶ 22} At trial, the city presented evidence that Davis had grabbed his sister and slammed her to the ground, injuring her ribs and hip. We hold that a rational trier of fact, viewing the evidence in a light most favorable to the city, could have found that the city had proved beyond a reasonable doubt that Davis had committed the offense of domestic violence. Therefore, the evidence presented was legally sufficient to sustain Davis' conviction.
 {¶ 23} Although the defense witnesses contradicted the version of events presented by the city, the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine.[24] Moreover, our review of the record does not persuade us that the trial court clearly lost its way and created a manifest miscarriage of justice in finding Davis guilty of the offense. Accordingly, we overrule Davis' assignment of error and affirm the trial court's judgment.
Judgment affirmed.
PAINTER, P.J., and CUNNINGHAM, J., concur.
[1] State v. Bistricky (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus.
[2] Id. at 159-160.
[3] R.C. 2903.214(D)(1).
[4] Id.
[5] R.C. 2903.214(D)(2)(a).
[6] Id.
[7] Id.
[8] R.C. 2903.214(D)(2)(a)(iv).
[9] R.C. 2903.214(D)(2)(b).
[10] R.C. 2903.214(G).
[11] Civ. R. 53(C)(1)(d).
[12] Civ. R. 53(D)(2)(a)(i).
[13] Civ. R. 53(D)(2)(b).
[14] Id.
[15] Id.
[16] R.C. 2919.27.
[17] 1st Dist. No. C-060601, 2007-Ohio-5126.
[18] Id.
[19] Id.
[20] In re Bennett (1999), 134 Ohio App.3d 699, 701, 731 N.E.2d 1226, citing Bistricky, supra.
[21] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[22] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[23] Id.
[24] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. *Page 1