[Cite as *Oddo v. Spencer*, 2011-Ohio-4073.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DONNA ODDO, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Petitioners-Appellees | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010 CA 00241 |
| RICHARD SPENCER | |
|     Respondent-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Case No. 2008 MI 00287


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    August 15, 2011


APPEARANCES:

For Petitioners-Appellees

For Respondent-Appellant

KRISTINE W. BEARD
LESH, CASNER & MILLER
Suite 606 Belden Whipple Building
4150 Belden Village Street, NW
Canton, Ohio 44718-3651

*Wise, J.*

**{¶1}** Appellant Richard Spencer appeals the decision of the Stark County Court of Common Pleas, overruling his request to terminate the civil protection order against him.

**{¶2}** Petitioner in the civil protection order is Donna Oddo.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The relevant facts leading to this appeal are as follows:

**{¶4}** On July 17, 2008, Appellee Donna Oddo filed a petition against Appellant Richard Spencer, for an anti-stalking civil protection order ("CPO") pursuant to R.C. 2903.214, seeking relief for her family members, including her now ex-husband, Mike Oddo, and her children: Justin Sterrick (dob 7/24/94), Brandon Sterrick (dob 9/21/95), Ryan Sterrick (dob 12/09/98), and Adam Sterrick (dob 5/18/00). The Petition listed several behaviors by the Respondent that the Petitioner believed were likely to cause members of her family physical harm or emotional distress. Specifically the Petitioner was concerned about the relationship which the Respondent had developed with her 14 year old son, Justin.

**{¶5}** A hearing was held and an ex parte CPO was granted, with a full hearing set for July 24, 2008 at 10:00 AM, at the Stark County Courthouse.

**{¶6}** On July 24, 2008, at about 9:00 AM, at the request of the Stark County Sheriff's Department, Appellant appeared at the Stark County Courthouse and was served with the petition, ex parte order, and notice of the full hearing.

**{¶7}** Appellant and Appellee, both pro se, then appeared before the magistrate for the 10:00 hearing. Appellant did not ask for a continuance or the opportunity to

obtain counsel. After hearing evidence, the magistrate issued a decision, signed by the judge and file-stamped the same day, granting the CPO.

{¶8} On August 7, 2008, Appellant filed a motion for new trial, which the trial court treated as an objection to the decision of the magistrate.

{¶9} On August 22, 2008, the trial court issued a decision adopting the magistrate's decision.

{¶10} The Order of Protection was granted for five years, expiring on July 24, 2013.

{¶11} On September 18, 2008, Appellant appealed to this Court. By Opinion filed August 24, 2009, this Court affirmed the judgment of the trial court.

{¶12} On March 23, 2010, the Respondent, Richard Spencer, filed a Motion to Modify and/or terminate the Court's Order of Protection arguing that the Order of Protection is both unnecessary and unreasonable. Specifically, Respondent argued that based on a material change in circumstances since the Order had been issued, a Protection Order was no longer necessary to protect the Petitioner and her family (i.e. Justin) from the threat of sexually oriented offenses. Furthermore, Respondent stated that he is an avid hunter and essentially argued that the continuation of the Protection Order unreasonably denied him the constitutional right to bear arms in order to enjoy recreational hunting.

{¶13} An evidentiary hearing on the Motion was held before the Magistrate on July 8, 2010. At the hearing, Petitioner testified that she felt Respondent no longer posed a threat to her family and that it was her desire to terminate the protection order.

Dr. Devies, a clinical psychologist, testified that it was his opinion that Respondent did not at any time pose any sexual threat to Petitioner or Petitioner's family members.

{¶14} After the presentation of evidence, the Magistrate denied the Respondent's motion to terminate the civil protection order.

{¶15} On July 8, 2010, Respondent filed an Objection to the Magistrate's Decision arguing that the Magistrate abused her discretion and erred as a matter of law in denying Respondent's motion.

{¶16} The trial court overruled the Objection and affirmed the Magistrate's decision.

{¶17} It is from this decision that the Respondent-Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN OVERRULING THE PETITIONER'S REQUEST TO TERMINATE THE CIVIL PROTECTION ORDER IN VIOLATION OF THE OHIO RULES OF CIVIL PROCEDURE, CIV.R. 41(A).

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO FIND THAT THERE HAS BEEN A MATERIAL CHANGE IN CIRCUMSTANCES SIGNIFICANT TO TERMINATE THE CIVIL PROTECTION ORDER AND IN FAILING TO FIND THAT IT IS NO LONGER EQUITABLE OR REASONABLE FOR THE CIVIL PROTECTION ORDER TO REMAIN IN FULL FORCE AND EFFECT THEREBY UNREASONABLY DENYING THE RESPONDENT HIS CONSTITUTIONAL RIGHT TO BEAR ARMS."

I., II.

**{¶20}** We shall address Appellant's assignments of error simultaneously as both assign error to the trial court's denial of his request to terminate the civil protection order.

**{¶21}** In Ohio, a person may petition their common pleas court for an anti-stalking or sexually-oriented offense civil protection order ("CPO") under R.C. 2903.214. See, e.g., *State v. Davis*, Hamilton App.Nos. C-070838, C-070845, 2008-Ohio-5281, ¶5.

**{¶22}** Initially, Appellant argues that Mrs. Oddo, as the petitioner in the civil protection order, has the right and/or ability to voluntarily dismiss such petition against Appellant herein. Appellant argues that Civ.R. 41(A) authorizes such dismissal.

**{¶23}** We find this argument to be without merit.  Mrs. Oddo was the Petitioner in the action for the civil protection order, not the plaintiff.  While she may have been the person who initiated the proceedings, it was the trial court who issued the order, not Mrs. Oddo.   As such, only the trial court has the ability to terminate, modify or renew the order.

**{¶24}** Appellant next argues that the trial court erred in not finding a material change in circumstances.

**{¶25}** A civil protection order made pursuant to R.C. §2903.214 is subject to modification or termination.  *Prostejovsky v. Prostejovsky* , Ashland App. No, 06-COA-033, 2007-Ohio-5743.

**{¶26}** In *Prostejovsky,* this Court held that "a court may modify or vacate a civil protection stalking order if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue."

{¶27} Upon review, we do not find that the trial court abused its discretion in not terminating the stalking protection order. The primary basis of the order was Appellant's unwanted attention and obsession toward Mrs. Oddo's then fourteen year old son.

{¶28} While there was evidence presented at the evidentiary hearing that Appellant has complied with the civil protection order, compliance with the order, in the context of this case, is insufficient to demonstrate that there has been a material change of circumstances.

{¶29} Further, while Appellant argues that Mrs. Oddo wants this order to be terminated, or at the very least does not oppose the termination, we find that it is clear from her testimony that it is still her desire that Appellant not have any contact with her family.

{¶30} Further, the protection order in this case was issued primarily for the safety of Ms. Oddo's son Justin, and while he is now two years older than he was when the CPO was initially issued, he is still a minor. Further, due to the fact that his parents have since divorced, he is now arguably in a more vulnerable position than he was when the CPO was granted in 2008.

{¶31} We therefore find that the trial court did not abuse its discretion in overruling the motion to terminate the protection order less than two years into the five year term.

{¶32} As to Appellant's argument that the continued imposition of the civil protection order infringes on his constitutional right to bear arms, we find that such argument was not raised in the direct appeal from the granting of the civil protection order, nor was it raised before the trial court in the instant action. Having failed to raise

this issue on direct appeal, we hold he is barred from raising it at this stage under the doctrine of res judicata. Cf. *State v. Jennings* (Nov. 5, 2001), Richland App.No. 01CA62, 2001-Ohio-1742.

**{¶33}** Accordingly, Appellant's First and Second Assignments of Error are overruled.

**{¶34}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0718

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DONNA ODDO, et al.                          :
                                            :
    Petitioners-Appellees                   :
                                            :
-vs-                                        :            JUDGMENT ENTRY
                                            :
RICHARD SPENCER                             :
                                            :
    Respondent-Appellant                    :            Case No. 2010 CA 00241



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.



_____

_____

_____
                        JUDGES