[Cite as *State v. King*, 2022-Ohio-1354.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 21CA0034-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON P. KING | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 21CRB00461 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2022

HENSAL, Presiding Judge.

**{¶1}** Jason King appeals from the judgment of the Medina Municipal Court. This Court affirms.

I.

**{¶2}** Mr. King was charged with one count of disorderly conduct under Revised Code Section 2917.11(A)(1), a minor misdemeanor, after an altercation at a bar in Hinckley Township on March 22, 2021. The docket reflects that a complaint was filed on April 30, 2021, and summons was issued on May 10, 2021. Mr. King was arraigned on May 17, 2021, and a trial before a magistrate was scheduled for June 7, 2021.

**{¶3}** On the day of trial, Mr. King filed a motion for a continuance, asserting that he needed additional time to retain counsel "[d]ue to the holiday[.]" Later that day, the magistrate issued an order, denying Mr. King's request. At the start of trial, the magistrate explained that the

case had been set for several weeks. Mr. King did not file a motion to set aside the magistrate's order.

{¶4} The magistrate proceeded with the trial wherein the State presented the testimony of two witnesses. Mr. King did not cross-examine the State's witnesses, nor did he present evidence on his own behalf. Later that day, the magistrate issued a "Magistrate's Decision – Judgment Entry and Sentence[,]" finding Mr. King guilty of disorderly conduct. That decision was signed by the magistrate and the trial court. At the bottom of the one-page decision, it advised that: "Any objections must be filed within fourteen (14) days of the date the magistrate's decision was filed. * * * Unless a party timely and specifically object[s] to a factual finding or legal conclusion in the magistrate's decision as required by criminal rule 19(D)(3)(b), no party may assign as error on appeal the court's adoption of any factual finding or legal conclusion." Mr. King did not file objections to the magistrate's decision but filed a notice of appeal 11 days later. He now raises one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE THE TRIAL IN ORDER TO RETAIN COUNSEL AND APPELLANT HAD A DEFENSE TO THE CHARGE AGAINST HIM.

{¶5} In his sole assignment of error, Mr. King argues that the trial court, acting through the magistrate, erred by not granting his request for a continuance. For the reasons that follow, Mr. King's assignment of error is overruled.

{¶6} Criminal Rule 19(D)(2)(a)(i) provides that a magistrate "may enter pretrial orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." This includes rulings on a motion for a continuance. *See State v. Davis*, 1st Dist. Hamilton Nos. C-070838, C-070845, 2008-Ohio-5281, ¶ 16 (concluding that "the

continuance order was merely a ministerial act that was necessary to regulate the proceedings[,]" which did not require judicial approval); *see also* 2000 Staff Note, Crim.R. 19(C)(5) (addressing a prior version of the rule but noting that magistrates can issue orders regarding requests for continuances).

{¶7} Criminal Rule 19(D)(2)(b) provides that "[a]ny party may file a motion with the court to set aside a magistrate's order." It further provides that "[t]he motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed." *Id.* If a party does not file a motion to set aside a magistrate's order, then that party forfeits the issue for purposes of appellate review. *See In re L.B.S.*, 9th Dist. Wayne Nos. 18AP0007, 18AP0010 2019-Ohio-3312, ¶ 53 (applying the analogous Juvenile Rule and holding that the appellant forfeited her argument on appeal because she did not file a timely motion to set aside the magistrate's order); *Smith v. Smith*, 10th Dist. Franklin No. 18AP-190, 2019-Ohio-114, ¶ 10 (collecting cases and applying the analogous Civil Rule); *see also State v. Lawson*, 9th Dist. Medina No. 16CA0081-M, 2018-Ohio-694, ¶ 15, quoting *State v. Jacobs*, 9th Dist. Summit No. 26667, 2013-Ohio-3797, ¶ 8 (acknowledging this Court's "repeated" holding that this Court "reviews the actions of the trial court, not the actions of the magistrate.").

{¶8} Here, Mr. King did not file a motion to set aside the magistrate's order that denied his motion for a continuance. Nor did he file objections to the magistrate's decision. Instead, Mr. King filed a notice of appeal 11 days later. While a party that fails to object to a magistrate's decision can still argue plain error on appeal, Mr. King did not argue plain error in his merit brief. *See* Crim.R. 19(D)(3)(b)(iv) (providing that, except for a claim of plain error, a party forfeits appellate review of an issue unless the party files objections to the magistrate's decision within 14 days of its issuance); *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7,

citing App.R. 16(A)(7) ("An appellant has the burden of demonstrating error on appeal."); *Helms v. Summit Cty. Combined Gen. Health Dist.*, 9th Dist. Summit No. 28554, 2017-Ohio-7915, ¶ 5 ("This Court * * * does not consider arguments that are made for the first time in a reply brief."). Mr. King, therefore, has forfeited this issue for purposes of appellate review and we decline to address it further. *In re L.B.S.* at ¶ 53. Mr. King's assignment of error is overruled.

## III.

**{¶9}**   Mr. King's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTS.

{¶10} I respectfully dissent from the judgment of the majority. Given the particular circumstances of this case, and in the interest of justice, either this appeal should be remanded to the trial court for King to receive a sufficient notification from the magistrate in order to file objections or the merits of King's assignment of error should be addressed.

{¶11} On the day of trial, King requested a continuance in order to obtain counsel. That same day, the magistrate issued an order denying his motion. The magistrate's order provided no notice to King of the necessity of filing a motion to set aside. *See Nagel v. Nagel*, 9th Dist. Lorain No. 09CA009704, 2010-Ohio-3942, ¶ 26. Also, that day, the magistrate held the trial - at which King was unrepresented and at which King did not cross-examine the State's witnesses or call witnesses. Later that day, the magistrate issued a decision finding King guilty and sentencing him. The trial court signed the same entry, and it was filed the same day. The entry was titled "Magistrate's Decision – Judgment Entry and Sentence[.]" The bottom of the entry contained the following notification:

> Either party may file objection to a magistrate's decision. Any objections must be filed within fourteen (14) days of the date the magistrate's decision was filed. Objections must be accompanied by a $15.00 filing fee. A copy of the transcript of the original proceedings prepared by a certified court reporter must be filed within thirty (30) days of the date the

objections were filed. The objecting party must serve a copy of the objections on the other parties by regular mail and certify in writing on the objections that this was done. If no objection is filed, this decision will become the final decision of the court.

Unless a party timely and specifically objections to a factual finding or legal conclusion in the magistrate's decision as required by criminal rule 19(D)(3)(b), no party may assign as error on appeal the court's adoption of any factual finding or legal conclusion. Any request"

(Sic.) The entry then indicates that "A True Copy of the foregoing Magistrate's Decision-Judgment Entry was personally delivered to the defendant or defendant's attorney on * * * 06/08/2021 8:23:25 AM[.]" The certificate of service is signed by a deputy clerk. King did not move to set aside the order or file objections to the magistrate's decision.

{¶12} Here, there was no opportunity for King to raise the issue at a point in time prior to entry of the final judgment because the trial court adopted the magistrate's decision and entered judgment the same day that the magistrate issued the order denying King's motion for a continuance. Accordingly, even if King had filed a motion to set aside in the 10-day time period there would be no remedy the trial court could provide as it had already entered final judgment. Instead, King's only remedy was to file objections to the magistrate's decision arguing that the denial of the continuance was error which caused him prejudice.

{¶13} While King did not do so, under the unusual circumstances presented here, I would find that notice was insufficient. It was signed by both the magistrate and the trial judge and listed as a magistrate's decision and as a judgment entry and sentence. *See Williams v. Ormbsy*, 9th Dist. Medina No. 09CA0080-M, 2010-Ohio-3666, ¶ 12. The notification to King is also unclear. It contains typos and an incomplete sentence. *See id.* The clerk's certificate of service is also suspect. As King was unrepresented, the entry could not have been personally delivered to King's attorney, and it seems unlikely that King was present the next morning for the clerk to personally deliver the entry to King at that time. Given the confusing nature of the notice, I would conclude

that it is appropriate to remand the matter to the trial court so that a more complete and clear notification could be provided to King.

{¶14} If I were to assume that the notification was sufficient, I would nonetheless address the merits of the argument under plain error review. *See* Crim.R. 19(D)(3)(b)(iv). I would conclude that it was reversible error to deny King the continuance. "[A] defendant facing a minor misdemeanor charge has the right to retain counsel of his or her choice." *State v. Bettah*, 5th Dist. Licking No. 05 CA 50, 2006-Ohio-1916, ¶ 42. That right could have been easily protected through granting the continuance.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.